UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>        **Plaintiff,**<br><br>        v.<br><br>SAQUIB KHAN,<br><br>        **Defendant.** | Civil Action No. 12-7731 (FSH)<br><br>ORDER AND OPINION<br>ON PLAINTIFF'S MOTION<br>FOR ATTORNEYS' FEES<br>AND EXPENSES |

**THIS MATTER** comes before the Court by way of motion by Plaintiff, Capital One, National Association, seeking an Order granting Plaintiff interest and attorneys' fees and expenses against Defendant, Saquib Khan ("Khan"). Docket Entry No. 54. The motion is unopposed. The Court reviewed the papers pursuant to Fed.R.Civ.P. 78. For the reasons stated below, Plaintiff's motion is granted.

**Background and Procedural History[1]**

The underlying case is an action to enforce a guaranty for indebtedness on overdrawn business accounts serviced by Plaintiff. The accounts were in the name of Richmond Wholesale Company, Inc. ("Richmond"), of which Khan is the president. By executing signature cards for the accounts, Richmond was bound by certain rules and provisions, including those on overdrafts. Further, as a condition of obtaining a line of credit for Richmond, Khan executed a guaranty ("Guaranty"). The Guaranty includes, *inter alia*, an obligation to cover the indebtedness of Richmond and any collection efforts of that amount. The "Indebtedness" provision states:

---

[1] The background facts recited here are taken from the Court's May 2, 2013 Opinion on Plaintiff's Motion for Summary Judgment. *See* Docket Entry No. 52 at 1-4. As noted in footnote 1, those facts were taken from the parties' Rule 56.1 Statements and are not in dispute unless otherwise noted.

> The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts, liabilities and obligations of every nature and form, now existing or hereafter arising or acquired, that [Richmond Wholesale] individually or collectively or interchangeably with others, owes or will owe [Capital One].

*See* Plaint.'s Br. at 2; *see also* Exhibit D, copy of Guaranty, at Docket Entry No. 54-3.

Richmond overdrew its accounts, and then failed to cover the funds when demanded by Plaintiff. Plaintiff instituted an action to recoup the overdrawn funds in the Supreme Court of New York, County of New York. Richmond executed and delivered a Confession of Judgment, executed by Khan as president of Richmond, for the amount of $7,685,695.93. The Supreme Court in New York entered the judgment on December 19, 2012. Due to offsets, adjustments, and clearance of items, the total overdrawn amount was reduced to $7,446,153.65.

Pursuant to its options under the Guaranty, Plaintiff elected to recover the overdraft funds from Khan and filed this action on December 19, 2012. Plaintiff filed its motion for summary judgment on or about March 8, 2013. Defendant opposed the motion on the grounds that it was premature. The Court, however, found no genuine issue of material fact and entered summary judgment for Plaintiff for the amount of $7,446,153.65. The Court instructed Plaintiff to file the instant motion for interest and attorneys' fees and costs, which was filed on or about May 15, 2013. On June 7, 2013, Khan filed a Notice of Appeal of the District Court's entry of summary judgment. The appeal is currently pending.

## **Discussion**

As a threshold matter, the Court recognizes Khan has filed an appeal which transfers jurisdiction on substantial matters to the Court of Appeals. However, a district court retains the

power to adjudicate collateral matters such as applications for attorneys' fees. *See West v. Keve*, 721 F.2d 91 (3d Cir. 1983). Thus, this Court will entertain the instant motion.

**Interest**

Plaintiff argues that under the Guaranty, Khan is liable for any indebtedness of Richmond, including any "other obligations, and liabilities of [Richmond Wholesale], and any present or future judgments against [Richmond Wholesale]." *See* Plaint.'s Br. at 5. Under those terms, Khan is liable for the interest that has accrued on the underlying judgment against Richmond entered by the Supreme Court of New York on December 19, 2012. Per §§ 5003 and 5004 of the New York Civil Practice Law and Rules, judgment creditors in New York are entitled to interest on a money judgment from the date of its entry, at an set rate of 9% per annum. N.Y. C.P.L.R. §§ 5003 & 5004 (McKinney 2013). The Confession of Judgment was entered for $7,685,659.93, but adjusted to $7,446,153.65. At 9% per annum on the amount of $7,446,153.65, the year's interest would be $670,153.83, with a per diem accrual amount of $1,836.04. As stated by Plaintiff, as of May 15, 2013 when Plaintiff filed the motion, the total interest amount was $269,897.88.

The Court finds that Khan is liable for the interest accrued on the judgment under the terms of the Guaranty. The Court relies on the parties' undisputed statement of facts and the Court's May 2, 2012 Opinion granting Plaintiff's Motion for Summary Judgment ("May 2 Op."). The Court found that by Khan's own admission he signed the Guaranty as a condition of obtaining a line of credit for Richmond and held him liable for the underlying funds of $7,446,153.65. *See* May 2 Op. at 8-9. The same logic applies here: Khan signed the Guaranty which includes the provision for indebtedness of the outstanding principal and "accrued unpaid interest thereon." The Court notes it has received no indication that the judgment has been pain

3

in whole or in part. Consequently, the Court finds Khan is liable for the interest accrued on the judgment against Richmond Wholesale, for a total of $269,897.88 amassed as of May 15, 2013, plus a per diem amount of $1,836.04 for 229 days from May 16, 2013 to and including December 30, 2013 for $420,453.16, for a total interest accrual of $690,351.04.

**Attorneys' Fees**

Per the terms of Guaranty, Khan is also liable for "all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts, liabilities and obligations of every nature and form." *See* Exhibit D at Docket Entry No. 54-3. Attorneys' fees may be equal to 25% of the underlying judgment.[2] *See id.* As stated above, the Court relies on the party's undisputed statements of facts and the Court's May 2 Opinion to find that Khan is bound by the terms of the Guaranty.

Courts may award attorneys' fees in federal litigation where authorized by statute, court rule, or contract. *See Apple Corps Limited, MPL v. International Collectors Society*, 25 F.Supp.2d 480, 484 (3d Cir. 1998). Courts determine reasonable attorneys' fees by the lodestar approach, multiplying the reasonable time spent by the reasonable hourly rate. *Apple Corps*, 25 F.Supp.2d at 484. The party seeking the fees has the burden of establishing the reasonableness of the fees requested. *Id.* at 484-85. Any application must be accompanied by documentation supporting the reasonableness of the hours worked and the rates charged. *Id.* at 485; *see* L.Civ.R. 54.2. Additionally, in this District, applications must have an affidavit of counsel setting forth items such as the nature of services rendered, the results obtained, and the level of novelty or difficulty of the matter. *See* L.Civ.R. 54.2(a).

Once reasonableness is established, the burden shifts to the opposing side to challenge the fees claimed. *Apple Corps,* 25 F.Supp.2d at 485. If the opposing party objects to either the rates

---

[2] For reference, 25% of the underlying judgment of $7,446,153.65 would be $1,861,538.41

4

charged or the hours expended, that party must set forth its objections "'by affidavit or brief with sufficient specificity'" so as to put the fee-requesting party on notice. *Id.* at 485 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1997)). After objections are lodged, courts then have discretion in modifying the award for any inadequately supported claims. "However, the court may not 'decrease a fee award based on factors not raised by the adverse party.'" *Id.* (citing *Rode*, 892 F.2d at 1183).

Plaintiff seeks an award of $182,735.50 as of May 11, 2013 and in support of its application submitted a Certification by Joseph C. Savino, which set forth the hours worked, rates charged, the experience of the attorneys, and nature of the services rendered. *See id.* ("Savino Cert.") at Docket Entry No. 54-2. Plaintiff states that as a result of a continued working relationship between the law firm of Plaintiff's counsel and Plaintiff, counsel charges "a blended hourly rate of $315.00 for work performed by attorneys and an hourly rate of $125.00 for work performed by paralegals." *See* Savino Cert. ¶ 16. Plaintiff claims that because of the established working relationship, these rates are below market average. *Id.* Further, in support of its application, Plaintiff submitted counsels' timesheets setting forth the hours worked and services rendered, for a total of 566.7 attorney hours and 33.8 paralegal hours. *See* Exhibits to Savino Cert. at Docket Entry No. 54. Plaintiff's certification also explained the scope of counsel's representation and delineated those services rendered on the related actions including the prosecution of the New York Supreme Court action, this enforcement action, and counsels' involvement in representing Plaintiff's interests as implicated in ancillary matters such as Richmond's bankruptcy proceedings. *See* Savino Cert. ¶¶ 11-23. Plaintiff has also set forth which activities for which it is not seeking fees. *See id.* at ¶ 22.

The Court notes that Khan has not opposed Plaintiff's application.

5

The Court has reviewed the timesheets and exhibits as well as the certification of counsel, and finds the hours expended on the services for which fees are requested are reasonable. Furthermore, the Court finds the rates charged are also reasonable, and adopts the lodestar amount of $315.00 per hour for work by attorneys and $125.00 per hour for work completed by paralegal staff. Thus, the Court grants Plaintiff's request for attorneys' fees in the amount of $182,735.50.

**Litigation-related expenses**

In addition to attorneys' fees, Plaintiff also seeks non-taxable litigation expenses. *See* Plaint.'s Br. at 7. Applications for litigation expenses are also governed by L.Civ.R. 54.2. "Litigation expenses not taxable as costs pursuant to 28 U.S.C. §1920 and L.Civ.R. 54.1 may be awarded as part of a 'reasonable attorney's fee.'" *Apple Corps.,* 25 F.Supp.2d. at 497; *see also* Comment 2, L.Civ.R. 54.2. Not all litigation expenses may be awarded, however, and courts will award only those expenses "that are incurred in order for the attorney to be able to render his or her legal services." *Apple Corps.,* 25 F.Supp.2d. at 497 (citing *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)); *see also* Comments to L.Civ.R. 54.2.

As stated above, pursuant to the terms of the Guaranty, Khan is liable for costs associated with the collection of the overdraft funds and the enforcement of the Guaranty. Plaintiff submitted a Bill of Costs on May 30, 2013, for costs taxable pursuant to L.Civ.R. 54.1. *See* Docket Entry No. 55. Plaintiff here seeks non-taxable costs for services including costs for the recording and the transcript of Khan's deposition, the fees associated with the Richmond actions including filing fees, process fees, and transcripts related to hearings, and fees related to the accounting of Richmond's books and records. *See* Savino Cert. ¶¶ 24-29. Plaintiff seeks a total of $48,796.09 for litigation-related expenses.

The Court has reviewed Plaintiff's affidavit and supporting material and finds the costs Plaintiff seeks to be reimbursed are reasonable. The bulk of the costs sought, $44,839.50, are for the accounting of Richmond Wholesale's books and records. Plaintiff has provided time sheets and invoices from the professional accounting service for the Court's review. *See* Docket Entry No. 54-5. Many of the line items involve analysis of the banking records and cross-referencing with other financial records. As the underlying action is based entirely on the recoupment of the overdraft funds, the costs associated with determining the amount at issue are reasonably related to the provision of legal services. Thus, the Court awards Plaintiff litigation-related costs of $48,796.09.

## Conclusion

Per the terms of the Guaranty, the Court finds Khan liable for the post-judgment interest that has accrued on judgment entered by the New York Supreme Court against Richmond. As of May 15, 2013, the interest accrued was $269,897.88. From May 16, 2013 to and including December 30, 2013, or 229 days, interest has further accrued in the amount of $420,453.16, for a total amount of interest owed of $690,351.04. Furthermore, per the terms of the Guaranty, Khan is also liable for the reasonable attorneys' fees of $182,735.50 and litigation-related expenses of $48,796.09.

For the reasons set forth above,

**IT IS** on this **30th** day of **December, 2013,**

**ORDERED** that Plaintiff's Motion for Interest and Attorneys' Fees is GRANTED; and it is further

**ORDERED** that Plaintiff is awarded interest on the Richmond judgment for a total of for a total of $269,897.88 amassed as of May 15, 2013, plus a per diem amount of $1,836.04 for 229

7

days from May 16, 2013 to and including December 30, 2013 for $420,453.16, for a total interest accrual of $690,351.04; and it is further

**ORDERED** that Plaintiff is awarded reasonable attorneys' fees of $182,735.50 and litigation-related expenses of $48,796.09, for a total of $231,531.59.

s/ James B. Clark<br>
**JAMES B. CLARK, III**<br>
**United States Magistrate Judge**